Matter of Maria K. v Dimitra L. (2020 NY Slip Op 02973)





Matter of Maria K. v Dimitra L.


2020 NY Slip Op 02973


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11542 v-00183-13/18H V-00184-13/18h V-34266-11/18J V34267-11/18J

[*1] In re Maria K., Petitioner-Appellant,
 v
Dimitra L., et al., Respondents-Respondents.


Carol L. Kahn, New York, for appellant.
Leslie L. Lowenstein, Woodmere, for Dimitra L., respondent.
Douglas H. Reiniger, New York, for Christopher B., respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child Kristyna B. (Zak B.).
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), attorney for the child Matthew B.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about January 7, 2019, which granted respondent father's motion to dismiss the amended petition to modify the parties' custody order, unanimously affirmed, without costs.
In June 2014, a final custody and visitation order was issued on consent of all parties, awarding joint legal custody of the children to petitioner mother and respondent great-grandmother, with primary physical custody to the great-grandmother and visitation to the parents. Upon the mother's petition, and after a hearing, in February 2018, the court modified the 2014 order to grant final decision-making authority to the great-grandmother in the event of a dispute with the mother. We affirmed in June 2019 (Matter of Maria K. v Dimitra L., 173 AD3d 567 [1st Dept 2019]).
While her appeal from the February 2018 custody order was pending, in August of 2018, the mother brought a petition to modify the 2018 order. The court properly dismissed the petition on the ground that the mother failed to make a sufficient evidentiary showing of a change in circumstances to warrant a hearing (see e.g. Matter of Brandy P. v Pauline W., 169 AD3d 577 [1st Dept 2019]; and see Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]).
The mother did not preserve for appellate review her contentions that the court and the attorney for one of the children failed to consider that child's mental health records and that she could not adequately plead the child's mental health problems without obtaining the child's mental health records. Her conclusory allegations about the child's deteriorating mental health [*2]are insufficient to warrant review in the interest of justice. The mother also failed to show that she is better equipped than the great-grandmother to address the child's mental health issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK